**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, as a fiduciary of HOME DEPOT EMPLOYEE WELFARE BENEFITS PLAN<br>Counter-Plaintiff,<br><br>v.<br><br>JEANNE FEDOR<br>Defendant | Case No. 08 C 50039<br><br>Hon. Judge Kapala<br>Magistrate Judge Mahoney |

## COUNTER-DEFENDANT JEANNE FEDOR'S ANSWER TO COUNTER-PLAINTIFF MET LIFE'S COUNTERCLAIM

### THE PARTIES

1. Metropolitan Life Insurance Company ("MetLife") is a fiduciary of the Home Depot Welfare Benefits Plan ("Plan"), an "employee welfare benefit plan" within the meaning of and governed by the Employee Retirement income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1101 *et seq*.

**ANSWER:** Counter-defendant Fedor admits allegations in paragraph 1 of the Counterclaim.

2. Upon information and belief, Jeanne Fedor ("Fedor") is a resident of Algonquin, Illinois.

**ANSWER**: Counter-defendant Fedor admits allegations in paragraph 2 of the Counterclaim.

### JURISDICTION

3. This Court has original jurisdiction of this action pursuant to 29 U.S.C. §1132(f), 28 U.S.C. §1331 and 29 U.S.C. § 1132(c) in that it is a compulsory counterclaim pursuant to 29 U.S.C. § 1132(a)(3) to recover an overpayment of disability benefits under the Plan.

**ANSWER**: Counter-defendant Fedor denies the allegation in paragraph 3 of the counterclaim.

4. Alternatively, to the extent that ERISA does not govern this Counterclaim, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that this is a compulsory counterclaim for unjust enrichment to recover excess Plan benefits paid to Fedor.

**ANSWER:** Counter-defendant Fedor denies the allegations in paragraph 4 of the counterclaim.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because Fedor resides in the district.

**ANSWER**:   Counter-defendant Fedor denies the allegation in paragraph 5 of the Counterclaim for want of jurisdiction.

## NATURE OF THE ACTION

6. This counterclaim is brought by MetLife, the fiduciary of the Plan, to obtain equitable relief to enforce the terms of the Plan. Specifically, MetLife seeks, pursuant to 29 U.S.C. 1132(a)(3) a constructive trust on funds in Fedor's possession that are the result of an overpayment of long-term disability benefits by MetLife. Alternatively, MetLife seeks a constructive trust on funds in Plaintiff's possession pursuant to federal common law of ERISA.

**ANSWER:**   Counter-defendant Fedor denies the allegations in paragraph 6 of the Counterclaim.

## THE FACTS

7. Upon information and belief, Fedor is a former employee of Home Depot U.S.A., Inc. and was, at certain times, a participant in the Plan.

**ANSWER:**   Counter-defendant Fedor admits the allegations in paragraph 7 of the Counterclaim.

8. The Plan provides short-term disability benefits ("STD") and long-term disability benefits ("LTD") for participants who meet the requirements set forth in the Plan for those benefits.

**ANSWER:**   Counter-defendant Fedor admits the allegations in paragraph 8 of the Counterclaim.

9. Fedor signed a Reimbursement Agreement on January 8, 2004, wherein she agreed *inter alia* to reimburse "MetLife in a single lump sum any overpayment on [her] Long Term Disability claim due to integration of retroactive Social Security Benefits."

**ANSWER**:   Counter-defendant admits to the allegations in paragraph 9 of the Counterclaim.

10. On or around September 26, 2003, MetLife, as claims administrator for the Plan, approved Fedor's claim for STD under the Plan effective June 2, 2003.

**ANSWER:**   Counter-defendant Fedor admits the allegations in paragraph 10 of the Counterclaim.

11. MetLife paid Fedor STD under the Plan for the period June 2, 2003 through November 16, 2003 totaling $7,264.32.

**ANSWER:** Counter-defendant Fedor admits the allegations in paragraph 11 of the Counterclaim.

12. On January 21, 2004, MetLife, as claims administrator for the Plan, approved Fedor's LTD claim under the Plan effective May 19, 2003.

**ANSWER:** Counter-defendant Fedor admits that MetLife approved Fedor's LTD claim under the plan on January 21, 2004 as alleged in paragraph 12 of the Counterclaim, but denies that it was effective as of May 19, 2003.

13. MetLife paid Fedor LTD under the Plan for the period November 17, 2003 through June 30, 2006 totaling $35,796.85.

**ANSWER**: Counter-defendant Fedor admits the allegations in paragraph 13 of the Counterclaim.

14. On May 23, 2006 the Social Security Administration issued a fully favorable determination retroactively awarding Fedor Social Security Disability Insurance Benefits ("SSDI") effective November 1, 2003 in the amount of $441 per month. The SSDI monthly payment increased to $455 per month effective January 1, 2004.

**ANSWER:** Counter-defendant Fedor admits the allegations in paragraph 14 of the Counterclaim.

15. Under the terms of the Plan, the Plan may reduce STD and LTD benefits to account for "other income" received by a participant while disabled, including disability benefits under the United States Social Security Act.

**ANSWER**: Counter-defendant Fedor admits the allegations in paragraph 15 of the Counterclaim.

16. The SSDI award to Fedor created an overpayment of STD and LTD benefits of $10,848.51. ("STD and LTD Overpayment"). The STD and LTD Overpayment was calculated by taking the $43,061.17 Fedor actually received under the Plan between June 2, 2003 and November 16, 2003 for STD and November 17, 2003 through June 30, 2006 for LTD and subtracting the $25,726.24 Fedor should have received for that period, the $2,805.51 refunded by Fedor in connection with an unrelated Worker's Compensation overpayment and the $3,681.37 Social Security attorneys fee award.

**ANSWER:** Counter-defendant Fedor admits that the properly-due funds identified in paragraph 16 were received by Plaintiff, but denies the remaining allegations in paragraph 16 of the Counterclaim.

17. On July 7, 2006, MetLife requested that Fedor return the STD and LTD Overpayment.

**ANSWER:** Counter-defendant Fedor admits the allegations in paragraph 17 of the Counterclaim so far as MetLife requesting the funds, but denies the characterization of funds as "Overpayment."

18. Fedor has not reimbursed the Plan for any part of the STD and LTD Overpayment.

**ANSWER:** Counter-defendant Fedor denies the allegation in paragraph 18 of the Counterclaim.

## COUNT I
## EQUITABLE RELIEF

19. Counter-Plaintiff incorporates herein by reference the allegations in Paragraphs 1 through 17 of the Counterclaim and agreed to repay.

**ANSWER:** Counter-defendant Fedor denies the allegations in paragraph 19 of the Counterclaim for ambiguity.

20. Fedor received $10,848.05 in STD and LTD benefits to which she was not entitled under the terms of the Plan.

**ANSWER:** Counter-defendant Fedor denies the allegations in paragraph 20 of the Counterclaim.

21. Fedor has been unjustly enriched by retention of the STD and LTD Overpayment.

**ANSWER:** Counter-defendant Fedor denies the allegations in paragraph 21 of the Counterclaim.

22. A constructive trust should be imposed on the STD and LTD Overpayment which is in Fedor's possession and rightfully belongs to the Plan.

**ANSWER**: Counter-defendant Fedor denies the allegations in paragraph 22 of the Counterclaim.

23. Pursuant to 29 U.S.C. § 1132(a)(3), MetLife, as the Plan's fiduciary, is entitled to recover the STD and LTD Overpayment plus applicable interest.

**ANSWER**: Counter-defendant Fedor denies the allegations in paragraph 23 of the Counterclaim.

## COUNT II
## UNJUST ENRICHMENT

24. Counter-Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 23 of the Counterclaim.

**ANSWER**: Counter-defendant Fedor, in response to the allegations in paragraph 24, incorporates by reference her responses to Counter-plaintiffs allegations made in paragraphs 1 through 23 of the Counterclaim.

25. Fedor received and retains the STD and LTD Overpayment to which she was not entitled and which she agreed to repay.

**ANSWER:** Counter-defendant Fedor denies the allegations in paragraph 25 of the counterclaim.

26. Fedor has been unjustly enriched by her retention of the STD and LTD Overpayment.

**ANSWER**: Counter-defendant Fedor denies the allegations in paragraph 26 of the Counterclaim.

27. It would be inequitable for Fedor to retain the STD and LTD Overpayment.

**ANSWER**: Counter-defendant Fedor denies the allegation in paragraph 27 of the Counterclaim.

28. The Plan has no adequate remedy at law.

**ANSWER:** Counter-defendant Fedor denies the allegation in paragraph 28 of the Counterclaim.

29. MetLife, as the fiduciary of the Plan, is entitled to recover from Fedor the STD and LTD overpayment plus applicable interest.

**ANSWER:** Counter-defendant Fedor denies the allegation in paragraph 29 of the Counterclaim.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIM

**First Affirmative Defense-Lack of Equitable Remedy**

1. The counter-plaintiff has limited remedies available under the ERISA law; and the only applicable provision of the law under which counter-plaintiff can bring its counterclaim is 29 U.S.C. § 1132(a)(3) which permits a plan fiduciary to recover "appropriate equitable relief."

2. The basis of counter-plaintiff's claim is a claim for a legal remedy; i.e., a monetary recovery.

3. Counter-plaintiff fails to allege any equitable basis for its claim.

**Second Affirmative Defense: ERISA Preempts claims made under state law**

4. Section 514(a) of ERISA preempts any state law claim, regardless of whether it is otherwise suitably plead under supplemental jurisdiction at 28 USC §1367.

WHEREFORE, counter-defendant prays that the counterclaim be dismissed with prejudice.

                         Respectfully submitted,
                         JEANNE FEDOR

                         By: /s David A. Bryant
                         One of Her Attorneys

Daley, DeBofsky, & Bryant
55 W. Monroe Street, Ste. 2440
Chicago, IL  60603
Phone: (312)372-5200
Fax: (312)372-2778

## **CERTIFICATE OF SERVICE**

David A. Bryant, the attorney, certifies that he served the foregoing Answer by CM/ECF upon all parties entitled to notice on June 26, 2008.

                                          /s David A. Bryant
                                          David A. Bryant

Daley, DeBofsky & Bryant            Attorney for Plaintiff
55 W Monroe St Ste 2440
Chicago, IL 60603
Phone: (312)372-5200
Fax: (312)372-2778
dabryant@ddbchicago.com